160

Ida RIDLING *v.* Raymond BALLARD, Guardian of James
Claude Ballard, NCM

CA 88-12                                    750 S.W.2d 415

Court of Appeals of Arkansas
Division I
Opinion delivered June 1, 1988

*Helen Rice Grinder* and *Villines & Lacy* by: *William R. Lacy,* for appellant.

*Phil Stratton and Casey Jones, Ltd.*, by: *Phil Stratton*, for appellee.

JOHN E. JENNINGS, Judge. This is a dispute over the ownership of three certificates of deposit issued by the Clinton State Bank in the names of Claude Ballard and his sister, Ida Ridling, the appellant here. The certificates, totalling $20,000.00, were purchased sometime before 1986.

On March 28, 1986, Claude Ballard's son, Raymond, was appointed guardian of his father's estate. On the same day Raymond went to the bank to withdraw the funds represented by the certificates. The bank refused to turn over the funds because the certificates showed only Ms. Ridling's social security number and not that of Claude Ballard.

On March 31, 1986, Raymond filed suit for an injunction claiming that the funds represented by the certificates belonged to his father and asking that Clinton State Bank be enjoined from paying them to anyone else. Claude Ballard died on April 4, 1986. The suit was revived in the name of First National Bank of Conway, executor of the estate of Claude Ballard.

At a hearing held on March 4, 1987, the primary issue before the court was the ownership of the funds represented by the certificates of deposit. The chancellor found that the funds represented by the certificates belonged to Claude Ballard and that there was no evidence that he had intended to make a gift to Ms. Ridling. The order directed Clinton State Bank to release the funds to Raymond for purposes of paying bills to close out the guardianship. It further directed that any balance be paid over to Claude Ballard's estate.

Ms. Ridling's sole argument on appeal is that the chancellor erred in not awarding the certificates of deposit to her as required by Ark. Code Ann. § 23-32-1005(2)(A), (C) (1987) as the surviving joint tenant. We find no error and affirm.

The portions of the statute relied upon by appellant provide:

(2)(A) If the person opening the account or purchasing the certificate of deposit designates in writing to the bank institution or federally or state chartered savings and loan association that the account or the certificate of deposit is to be held in 'joint tenancy' or in 'joint tenancy with right of survivorship,' or that the account or certificate of deposit shall be payable to the survivor or survivors of the persons named in the account or certificate of deposit, then the account or certificate of deposit and all additions thereto shall be the property of those persons as joint tenants with right of survivorship.

. . .

(C) The opening of the account or the purchase of the certificate of deposit in this form shall be conclusive evidence in any action or proceeding to which . . . the surviving party is a party of the intention of all of the parties to the account or certificate of deposit to vest title to the account or certificate of deposit, and the additions

thereto, in such survivor.

. . . .

The appellant also relies on *Walker* v. *Hooker*, 282 Ark. 61, 667 S.W.2d 637 (1984), for the proposition that where there is a writing signed by the purchaser indicating that the funds are held as joint tenants with right of survivorship, on death of one tenant the funds are rightfully paid to the survivor. The court in *Walker* referred to its prior holding that no survivorship interest is created when the decedent does not affix his signature to an instrument in substantial compliance with the statutory requirement. *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W.2d 570 (1969).

While appellant recognizes that to create a joint tenancy in a certificate of deposit a designation in writing is required, she argues that since she was the "purchaser" her signature on the certificate satisfies that requirement. The testimony was uncontested that the funds used to purchase the certificates belonged to Claude Ballard; Ms. Ridling so testified. And, although Ms. Ridling testified that she thought Claude Ballard may have signed a signature card, no signature cards were offered in evidence. In *Snow & Smith* v. *Martenson*, 257 Ark. 937, 522 S.W.2d 371 (1975), where a similar statute was interpreted, the supreme court held that "the person opening such savings account" means the person who owns the money with which the account is being opened in the names of more than one person.

Since the funds used to purchase the certificates belonged to Claude Ballard, he was the "purchaser" as that word is used in *Walker. Snow & Smith, supra*. It was appellant's burden to prove that Claude Ballard signed a writing stating his intention that the funds be paid to Ms. Ridling upon his death. *McDonald* v. *Treet*, 268 Ark. 52, 593 S.W.2d 462 (1980). That burden was not met.

Affirmed.

COOPER and MAYFIELD, JJ., agree.